IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **NOAH ANDREW LUMAN,** | § | |
| **TDCJ No. 02191467,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00040-O-BP |
| | § | |
| **WARDEN E. HOLMES,** | § | |
| | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Noah Andrew Luman ("Luman") on April 8, 2020. ECF No. 1. Luman, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. *Id.* The petition was automatically referred to the undersigned for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters pursuant to Special Order No. 3-251. *See* ECF No. 2. After considering the petition and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Luman's petition for writ of habeas corpus, ECF No. 1.

In his petition, Luman challenges the validity of disciplinary action no. 2020081271, which was brought against him at the Allred Unit for the offense of "Staff Assault." ECF No. 1 at 5. Luman states that his disciplinary case resulted in 180 days of good-time credit lost; forty-five days of restrictions on recreation, commissary, and the Offender Telephone System (OTS); forty-five days of cell restrictions; dropping from a Line 1 to Line 3 designation, and custody status dropped from G-2 to G-5. *Id.*

In support of his petition, Luman claims that a TDCJ officer did not follow proper procedure in a use of force incident, three witnesses that Luman called to testify at his disciplinary hearing were not entered into evidence for his defense, he was wrongly accused of allowing his cellmate and his cellmate's friend into his cell, and he did not assault the TDCJ staff person as alleged in the disciplinary action. *Id*. at 6-7. Luman seeks restoration of his good-time credits and return to his previous custodial and line class status. *Id.* at 7.

Luman has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Luman's custodial classification was to improve in the future, the reduction in his custodial and line class status do not warrant due process protection.

Luman concedes that he is not eligible for release on mandatory supervision. ECF No. 1 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

The loss of recreation, commissary, and OTS privileges and imposition of a cell restriction that Luman sustained are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed on Luman do not raise such concerns.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed April 20, 2020.

                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE